**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JEFFREY L. McLEMORE, et al.,**

      **Plaintiffs,**

      **v.**                                  **CASE NO.  21-3001-SAC**

**TINA MILLER, et al.,**

      **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiffs Jeffrey L. McLemore, James Laughlin, and Joshua Downey filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiffs leave to proceed *in forma pauperis*.  At the time of filing, Plaintiffs were detained at the Saline County Jail in Salina, Kansas ("SCJ").  Plaintiff Jeffrey L. McLemore has since been released from custody.  This matter is before the Court for screening Plaintiffs' Complaint (Doc. 1 ).

Plaintiffs raise multiple claims in their Complaint.  Plaintiffs' claims include:  unsanitary living conditions; violations of due process; deprivation of exercise; two man restraint and sack lunches constitute punishment without a disciplinary hearing; selective prosecution and denial of equal protection in state criminal Case Nos. 20CR1006 and 20CR648; and retaliation.  Plaintiffs name as defendants:  Sergeant Tina Miller; Captain Stan Fruits; Lieutenant Angie Finch; Corporal Benjiman Hill; Deputy Kevin Shankles; Sheriff Roger Soldan; CO (fnu) Ahlstadt; Deputy Rodney Orr; Deputy Kaitlin Carter; District Attorney Jeffery Ebel; and District Attorney Ellen Mitchell.

Plaintiffs have raised  multiple  unrelated  claims  against  multiple defendants in their Complaint.  Plaintiffs must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when

filing an amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

**(a) Persons Who May Join or Be Joined**

**(1)** *Plaintiffs***.**  Persons may join in one action as plaintiffs if:

> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

**(2)** *Defendants*.  Persons . . . may be joined in one action as defendants if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the

Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), they may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. They may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

In addition, Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *See Vreeland v. Raemisch*, Case No. 18-cv-02685-GPB, 2018 WL 10502075, at *1 (D. Colo. Oct. 31, 2018) (stating that "a multiple-plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to the joint cause of action") (citation omitted). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id*. (citations omitted).

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiffs should set forth the transaction(s) or occurrence(s) which they intend to pursue in accordance with Rules 18 and 20, and limit their facts and allegations to properly-joined defendants and occurrences. Plaintiffs must allege facts in their complaint showing that all counts arise out of the same transaction,

occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

In filing an amended complaint, Plaintiffs must also comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Plaintiffs' Complaint fails to comply with this rule.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

The Court will grant Plaintiffs an opportunity to file a complete and proper amended complaint upon court-approved forms.[1]  Plaintiffs are given time to file a complete and proper amended complaint in which they (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) allege sufficient facts to show personal participation by each named defendant.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiffs must write the number of this case (21-3001-SAC) at the top of the first page of their amended complaint and they must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiffs should also refer to each defendant again in the body of the amended complaint, where they must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiffs must allege sufficient additional facts to show a federal constitutional violation.

**Motions for Injunctive Relief**

Plaintiff Jeffery L. McLemore has filed motions for injunctive relief (Docs. 5, 6). Plaintiff McLemore alleges that medical staff at the SCJ refused to test him for H-Pylori, claiming that his symptoms did not suffice to warrant the test.  (Doc. 5, at 2.)  Plaintiff also alleges that staff is refusing to give him the proper mental health medication.  *Id*.  Plaintiff McLemore also makes allegations regarding the grievance procedures at the SCJ.  (Doc. 6.) Plaintiff McLemore asks the Court to subpoena all of his grievances, to order the SCJ to come up with a better grievance system, and to grant him access to the law library.  *Id*. at 4.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff McLemore is no longer housed at the SCJ.  *See* Doc. 15 (Notice of Change of Address).  Therefore, his request for injunctive relief is denied as moot.  In addition, the Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of

access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.   18 U.S.C. § 3626(a)(2).   Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff McLemore, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff McLemore has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Furthermore, he seeks a mandatory preliminary injunction that would have an adverse impact on public safety

and prison operation.  Plaintiff McLemore is no longer housed at the SCJ and his request for injunctive relief is moot and therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff McLemore's motions for injunctive relief (Docs. 5, 6) are **denied as moot.**

**IT IS FURTHER ORDERED THAT** Plaintiffs are granted until **July 6, 2021,** in which to file a proper amended complaint on court-approved forms.

The clerk is directed to send § 1983 forms and instructions to Plaintiffs.

**IT IS SO ORDERED**.

**Dated June 7, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
